E-FILED
Tuesday, 20 October, 2020  10:02:37 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cr-30024** |
| | ) | |
| **LYNN LUBKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Lynn Lubke's pro se motion (d/e 38) and amended motion for compassionate release (d/e 42) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

**I. BACKGROUND**

On May 30, 2018, Defendant Lubke pled guilty distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b). On March 28, 2019, Defendant was sentenced to imprisonment for 60 months and a 5-year term of supervised release.

Defendant is currently serving his sentence in FCI Forrest City

Low.  He has a projected release date of March 9, 2023.  As of

October 18, 2020, FCI Forrest City Low has two inmate and ten

staff COVID-19 case. See COVID-19 Cases, Federal Bureau of

Prisons, https://www.bop.gov/coronavirus/ (last accessed October

18, 2020).

On September 8, 2020, Defendant filed a pro se motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See

d/e 38.  On September 18, 2020, following the appointment of the

counsel to represent Defendant, an Amended Motion for

Compassionate Release was filed.  See d/e 42.  Defendant seeks

compassionate release due to his health issues and the COVID-19

pandemic.

On September 23, 2020, the Government filed its response

opposing Defendant's motion.  See d/e 44.  The Government argues

that Defendant is not entitled to a reduction in his sentence.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from

modifying a term of imprisonment once it has been imposed.  See

18 U.S.C. § 3582(c).  However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. §

3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language of 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the

Court could grant a defendant compassionate release only if the

Director of the BOP filed a motion seeking that relief.  With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate

release after exhausting administrative review of a BOP denial of the

inmate's request for BOP to file a motion or waiting 30 days from

when the inmate made his or her request, whichever is earlier.  The

statute now provides as follows:

> The court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment (and may impose a term of
> probation or supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment), after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that he requested compassionate release from the warden 60 days ago but has not received a response from the warden.  See d/e 42, p. 1.  Defendant filed a copy of his request.  See d/e 38, p. 14.  The Government states that the warden either denied the request or failed to rule on his request.  See d/e 44, p. 2.  Therefore, the Court finds that the Defendant has met the 30-day requirement of 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant is not entitled to compassionate release.  Defendant was convicted of knowingly distributing child pornography, which depicted grossly disturbing images.  Defendant was sentenced to 60 months' imprisonment, which was far below the guideline range.  Moreover, Defendant has only served 22 months of his 60-month sentence.

Moreover, the spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.  However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.

Defendant is currently incarcerated at FCI Forrest City Low. As of October 18, 2020, FCI Forrest City Low has two inmates and ten staff members with active COVID-19 cases.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed October 18, 2020).  FCI Forrest City Low has had 641 inmates and 4 staff members recover from the disease.  Id.  The facility has made strides in combating the disease at the prison.

Defendant Lubke is a 67-year-old male who has hypertension and Type 2 diabetes, for which he is on medication.  See d/e 42, p.

2; d/e 45.  Defendant also contends that he is obese as he is 5'10"

and 236 pounds, which results in a BMI of 33.9.  See Adult BMI

Calculator, CDC,

https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/eng

lish_bmi_calculator/bmi_calculator.html (last accessed October 18,

2020).  The Court is sympathetic to Defendant's medical conditions.

However, the factors set forth in 18 U.S.C. § 3553(a) do not support

a reduction in Defendant's term of imprisonment.

The Court, taking all the relevant facts into account, finds that

Defendant is not entitled to a reduction in his term of

imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Lubke's pro se

motion (d/e 38) and amended motion for compassionate release

(d/e 42) are DENIED.  The Clerk is DIRECTED to send a copy of

this Opinion to FCI Forrest City Low.

ENTER:  October 19, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE